**FILED**

June 23, 2021

**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**RANDALL K. SHAWVER,**
**Claimant Below, Petitioner**

**vs.)  No. 20-0301** (BOR Appeal No. 2054673)
(Claim No. 2018007603)

**QUALITY PLUS AUTO CARE, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Randall K. Shawver, by Counsel Thomas H. Peyton, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Quality Plus Auto Care, LLC, by Counsel Jane Anne Pancake and Jeffrey B. Brannon, filed a timely response.

The issue on appeal is temporary total disability. The claims administrator closed the claim for temporary total disability benefits on October 18, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its October 1, 2019, Order. The Order was affirmed by the Board of Review on April 14, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

1

(d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. W. Va. Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Shawver, a mechanic, injured his lower back while putting a transmission in a car on September 25, 2017. A September 28, 2017, treatment note from Jackson General Hospital indicates Mr. Shawver was seen in the emergency department that day due to a lower back injury that occurred at work on September 25, 2017. He reported a prior back injury twenty years prior that resolved. A lumbar CT scan showed an L4-5 moderate to severe disc bulge and a suspected small disc herniation at L5-S1. The diagnoses were lumbosacral disc disorder with radiculopathy and lumbar disc displacement. Mr. Shawver was excused from work for two days, and his return to work date was to be determined by occupational health/neurosurgery.

The September 28, 2017, Employees' and Physicians' Report of Injury indicates Mr. Shawver injured his back while putting a transmission in a car. The diagnoses were listed as severe L4-5 disc bulge and small L5-S1 disc herniation. It was noted that the injury aggravated a disc herniation that occurred twenty years prior. It was also noted that it was "to be determined" if Mr. Shawver would be off of work for more than four days. The claim was held compensable for lumbar sprain/strain on October 20, 2017. Temporary total disability benefits were granted from September 28, 2017, through October 26, 2017.

Treatment notes from PARS Neurosurgical Associates indicate Mr. Shawver was treated for sciatica, L4-5 disc bulge, L5-S1 disc herniation, lumbosacral neuritis/radiculopathy, lumbar disc degeneration, lumbar stenosis, and back pain from November 1, 2017, through August 8, 2018. On November 9, 2017, Abdi S. Ghodsi, M.D., opined that Mr. Shawver could return to work one week after physical therapy began if his pain was tolerable. A November 14, 2017, work excuse indicates Mr. Shawver was unable to work due to lumbar disc herniation. On April 11, 2018, it was noted that Mr. Shawver had undergone six weeks of physical therapy with no relief. A discogram was recommended. Mr. Shawver was to stay off of work until his next consultation with Dr. Ghodsi. The discogram was performed on June 19, 2018. It was noted in a June 27, 2018, treatment note from Roane General Hospital that the discogram showed no evidence of discogenic low back pain specifically resulting from the active disc disease.

2

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on January 26, 2018, in which he noted the compensable condition as lumbar sprain/strain. Dr. Mukkamala diagnosed lumbar sprain superimposed on preexisting lumbar spondylosis and degenerative disc disease. He stated that Mr. Shawver's treatment to date was appropriate. Mr. Shawver had not reached maximum medical improvement. He required six additional weeks of physical therapy. Mr. Shawver could work at the light physical demand level. He would reach maximum medical improvement in approximately two months.

In an Independent Medical Evaluation on April 11, 2018, Dr. Mukkamala opined that Mr. Shawver had not reached maximum medical improvement. There was a question regarding whether Mr. Shawver would undergo surgery. Until such time, Dr. Mukkamala stated that he could return to work at the limited to medium physical demand level.

On April 16, 2018, Dr. Mukkamala performed an Independent Medical Evaluation in which he noted that he had reviewed the latest report from PARS Neurosurgical Associates. He opined that a discogram was not necessary. Dr. Mukkamala reviewed a lumbar MRI and found that Mr. Shawver's pain is clearly originating from the L4-5 disc. Dr. Mukkamala stated that a discectomy and decompression at L4-5 was necessary but not a discogram.

In a September 20, 2018, Independent Medical Evaluation, David Soulsby, M.D., diagnosed lumbar sprain/strain and lumbar degenerative disc disease. Mr. Shawver's lumbar sprain/strain had resolved, but he would likely continue to experience pain due to his preexisting degenerative disc disease. Dr. Soulsby found no evidence that the compensable injury caused a specific disc injury or resulted in the necessity for surgery. Mr. Shawver could return to full time work with lifting restrictions due to degenerative disc disease. He had reached maximum medical improvement. The claims administrator closed the claim for temporary total disability benefits on October 18, 2018.

In a July 3, 2019, Independent Medical Evaluation, Dr. Mukkamala opined that Mr. Shawver suffered a soft tissue injury in the course of his employment. Such an injury is expected to resolve in four to twelve weeks. Dr. Mukkamala opined that Mr. Shawver's ongoing symptoms are the result of noncompensable, preexisting degenerative spondyloarthropathy. Mr. Shawver had reached maximum medical improvement for the compensable injury and no further treatment was recommended.

The Office of Judges affirmed the claims administrator's closure of the claim for temporary total disability benefits on October 1, 2019. It found that the only compensable condition in the claim is a lumbar sprain/strain. Both Drs. Soulsby and Mukkamala determined that Mr. Shawver had reached maximum medical improvement for the compensable condition. Dr. Mukkamala opined that Mr. Shawver's ongoing symptoms are the result of preexisting degenerative spondyloarthropathy. The Office of Judges concluded that the claim was properly closed for temporary total disability benefits. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 14, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-7a, temporary total disability benefits will cease when the claimant has reached maximum medical improvement, has been released to return to work, or has returned to work, whichever occurs first. The evidence indicates Mr. Shawver was found to be at maximum medical improvement on September 20, 2018. The claims administrator was therefore correct to close the claim for temporary total disability benefits on October 18, 2018.

Affirmed.

**ISSUED: June 23, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

4